**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY CAGLE, | ) | CASE NO. 1:21 CV 1222 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TIM SHOOP, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Jeffrey Cagle filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Chillicothe Correctional Institution, having been convicted in 2002 on a plea of no contest to forcible rape, complicity to commit forcible rape, pandering sexually oriented matter involving a minor, and endangering children. The trial court sentenced Petitioner to two mandatory terms of life imprisonment and two concurrent seven-year prison terms. He asserts two grounds for relief in this habeas petition: (1) he was denied equal protection because a co-defendant received a lighter sentence; and (2) his plea is invalid because (a) he was not informed of post release control in strict compliance with Ohio Crim. R. 11 and (b) his judgment entry of conviction contains language which is no longer used in imposing post release control. He asks that his sentence be set aside and a new sentence be imposed equivalent to that of his co-defendant.

### I. Background

On September 18, 2002, Petitioner pled no contest to forcible rape, complicity to commit forcible rape, pandering sexually oriented matter involving a minor, and endangering children. The court sentenced him to two mandatory life sentences and two concurrent seven-year prison terms. *State v. Cagle*, No. 19CA0058-M, 2020 WL 527928 (Ohio App. 9 Dist. Feb. 3, 2020 ). The court also informed him that post release control was mandatory, classified him as a sexual predator, and notified him of his corresponding registration duties. *Id*. He did not file a direct appeal.

On June 19, 2019, sixteen years later, Petitioner moved the trial court to set aside his no contest plea and sentence. The trial court denied the motion, and Petitioner appealed asserting two assignments of error:

> ASSIGNMENT OF ERROR NO. 1: THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING THE CONSTITUTIONAL RIGHT OF EQUAL PROTECTION[.]
>
> ASSIGNMENT OF ERROR NO. 2: THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN ACCEPTING A CONSTITUTIONALLY TAINTED PLEA[.]

The Ohio Appellate Court determined the claims were barred by *res judicata* because they could have been raised on direct appeal. *Id.* He appealed that decision to the Supreme Court of Ohio. They declined jurisdiction on May 12, 2020.

On June 16, 2021, one year and one month after the Supreme Court of Ohio issued its decision, Petitioner placed this Petition for a Writ of Habeas Corpus into the prison mail for filing. He asserts two grounds for relief. In his first ground, he contends that he pled no contest to complicity to commit rape as a result of aiding and abetting the principle offender. He contends the

principle offender received a lighter sentence than he received. He asserts this is a denial of equal protection. In his second ground, he claims the Ohio Court of Common Pleas did not strictly comply with Ohio Criminal Rule 11 and the post release control statutes during sentencing. He states he was not properly informed of post release control and contends his judgment entry contains language that has been changed by the legislature.

Petitioner also addresses the timeliness of his Petition. He states that his judgment entry is erroneous which he implies should toll the statute of limitations. He also offers that the institution in which he is incarcerated was in lock-down, limiting his access to the law library.

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To be properly exhausted, the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.

1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided a three part analysis to determine whether a claim is barred on habeas corpus review due to a Petitioner's failure to comply with a state procedural rule: (1) there is a state procedural rule applicable to Petitioner's claim and Petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; and (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim. *See also Williams*, 460 F.3d at 806 ("If, due to the Petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*,

460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal Habeas Petition, state law no longer allows the Petitioner to raise the claim, the claim is procedurally defaulted." *Williams,* 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the Petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a Petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

In addition, a one-year statute of limitations period applies to a Petition for a Writ of Habeas Corpus filed by a person in custody pursuant to the judgment of a state court. The limitation period begins to run from the latest of: (1) the date on which the judgment became final by the conclusion

of direct review; or (2) the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1) and (2). The statute of limitation, however, is tolled during the time in which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

**IV.     Discussion**

Petitioner's grounds for relief are both procedurally defaulted and time-barred. They are procedurally defaulted because Petitioner failed to raise them on direct appeal and then was barred by state courts from raising them in a later collateral proceedings by the doctrine of *res judicata*. *Res judicata* is an adequate and independent ground for dismissing his state court appeal. *Buell v. Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001). Petitioner can overcome the procedural default by demonstrating cause for failing to comply with the state procedural rule to raise his claims on direct appeal and actual prejudice. Cause for a procedural default must ordinarily turn on whether the Petitioner can show some objective factor external to the defense, such as interference by officials or ineffective assistance of counsel, impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 484 (1986); *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the alleged constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Here, Petitioner offers no explanation for his failure to assert these grounds on direct appeal. He fails to establish cause for his default.

Petitioner may also be excused of the default if he demonstrates that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "A

fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray*, 477 U.S. at 496). Petitioner does not contend that he is actually innocent of the offense. In fact, he pled no contest to the charges. He has not demonstrated a fundamental miscarriage of justice will occur.

Finally, this Petition is time-barred. Petitioner was convicted in September 2002. He did not file a direct appeal. His next challenge to his conviction and sentence occurred sixteen years later in June 2019 when he filed a Motion to set aside his plea and sentence. The one year statute of limitations had long expired when he filed his Motion. While a properly filed post conviction proceeding can toll the statute of limitation, the tolling provision does not revive the limitations period or restart the clock at zero. It can only serve to pause a clock that has not yet fully run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Petitioner offers that the statute of limitations should be waived because his prison was on lock down. Although that may explain the more than one year delay from the time the Ohio Supreme Court declined jurisdiction over the appeal of his Motion to the filing of this Petition, it does not explain the delay of sixteen years from the date his conviction became final until he filed his Motion in the state court. The Motion did not revive the long expired statute of limitations.

**III.    Conclusion**

For all the foregoing reasons, the Petition (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that

there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                                                /s/ John R. Adams
                                                                JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE